FILED
2016 Jun-13  PM 04:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| AMANDA ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | |
| BUSINESS INFORMATION | ) | |
| GROUP, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW the Plaintiff Amanda Ellis ("Plaintiff"), and as for her Complaint against the Defendant, she alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Amanda, Ellis, pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA"). The FCRA imposes several important requirements on consumer reporting agencies ("CRAs") that furnish consumer reports, including background checks for employment. The FCRA was designed to protect consumers like Plaintiff.

2. Plaintiff was denied employment opportunities due to inaccuracies in a consumer report from Defendant, Business Information Group, Inc. ("Defendant" or "BIG").

3. At least one consumer report furnished by Defendant to Ms. Ellis's potential employer contained materially false and derogatory information. Accordingly, Plaintiff alleges Defendant violated § 1681e(b) of the FCRA, which requires CRAs to follow reasonable procedures to assure maximum possible accuracy when furnishing credit reports.

4. Additionally, Defendant failed to comply with § 1681k, which is an important requirement intended to provide consumers with immediate notice of the furnishing of a consumer report for employment purposes and the details necessary to preemptively contact the reporting agency to obtain and, as appropriate, correct information in the furnished report. The FCRA provides special protections when a CRA furnishes "items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment." 15 U.S.C. § 1681k. In these situations, CRAs must either: (1) notify the consumer of the release of the public record information at the time the information is furnished to the user; or (2) establish strict procedures to maintain complete and up-to-date public record information.

5.  Finally, one of the most fundamental rights given to consumers by Congress is access to all information in the consumer's file.   15 U.S.C. § 1681g. Defendant violated this section when it received Plaintiff's request for her file, but Defendant failed to provide Plaintiff with her file.

## JURISDICTION AND VENUE

6.  The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681p and  28 U.S.C. § 1331.

7.  Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

8.  Plaintiff, Amanda Ellis ("Ms. Ellis"), is an adult individual resident of this judicial district, and at all times relevant to this Complaint was a "consumer" as defined by the Fair Credit Reporting Act, at 15 U.S.C. § 1681a.

9.  Defendant Business Information Group, Inc. ("Defendant" or "BIG") is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) that regularly conducts business in Alabama. Defendant is also a "reseller" that assembles and merges information contained in the databases of other consumer reporting agencies and resells the data to third parties, as defined in 15 U.S.C. § 1681a(u). Defendant is a foreign corporation with its principal place of business located at 251 Veterans Way, Warminster, Pennsylvania, 18974.

## FACTUAL ALLEGATIONS

10. Defendant has been reporting derogatory and inaccurate statements and information about Plaintiff and Plaintiff's purported criminal history to third parties ("inaccurate information").

11. The inaccurate information includes, but is not limited to, two (2) arrest warrants for unpaid tickets. The arrest warrants and unpaid tickets belong to another person whom Plaintiff does not know and is of no relation to Plaintiff.

12. Defendant, however, has been inaccurately reporting the arrest warrants and charges on Plaintiff's consumer report.

13. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that it has disseminated and resold to various persons, both known and unknown.

14. Specifically, in or around May or June 2014, Plaintiff applied for employment with The University of Alabama at Birmingham ("UAB").

15. As a part of the employment application process, Defendant provided UAB with an employment consumer report concerning Plaintiff on or about June 20, 2014.

16. UAB notified Plaintiff that the arrest warrants on her background report prepared by Defendant made her ineligible for hire.

17. Plaintiff was humiliated and embarrassed by the false public record information.

18. The basis for Plaintiff's ineligibility was the inaccurate information that appears on Plaintiff's consumer report with BIG, which was a substantial factor for the denial.

19. Upon information and belief, Plaintiff alleges Defendant never sent such a notice letter "at the time" it furnished an employment consumer report containing derogatory public record information about her, as required by 15 U.S.C. § 1681k(a)(1).

20. Defendant never sent Plaintiff any notice that it provided a consumer report to UAB.

21. Defendant does not maintain strict procedures to designed to ensure that such information is complete and up to date, as required by 15 U.S.C. § 1681k(a)(2). Plaintiff posted bond with the Birmingham Municipal Court in the amount of $1,226.  She also paid the court $5 in order to obtain the underlying records.  A cursory review of the public records indicates the adverse public record information belongs to a consumer with a different name, date of birth and driver's license number.   Notwithstanding, BIG provided the inaccurate information to third parties as though it pertained to Plaintiff.

22. Plaintiff requested her file by fax from the defendant.   Defendant received Plaintiff's fax, including her request for her file.   Defendant did not provide Plaintiff with her file.   Instead, Defendant lied to Plaintiff and represented to

Ms. Ellis that "we have never processed a background investigation report on your behalf."

23. This is untrue because on or about June 20, 2014, Defendant processed an employment consumer report pertaining to Plaintiff.

24. Also, Defendant prepared and provided UAB on or about June 20, 2014 with an employment consumer report pertaining to Plaintiff.

25. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost wages, out of pocket expenses, harm to reputation, interference with normal and usual activities, and emotional distress, including humiliation and embarrassment.

26. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

27. At all times pertinent hereto, Defendant's conduct, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless and in grossly negligent disregard for federal laws and Plaintiff's rights.

28. On or about June 20, 2014, Defendant procured a consumer report from Trans Union about Plaintiff as part of a routine employment background screening.   Additionally, Defendant obtained derogatory public record

information and attributed the information to Plaintiff when Defendant prepared a consumer report for Plaintiff's potential employer.

29. Defendant then resold the consumer report to Plaintiff's employer. The report sold by Defendant contained derogatory and inaccurate information, including, two arrest warrants for Ms. Ellis for unpaid tickets that did not belong to her.

## COUNT ONE
## VIOLATIONS OF THE FCRA

30. Plaintiff adopts and incorporates the above-numbered paragraphs as if stated fully herein.

31. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as this terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

32. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

33. At all times pertinent hereto, the above-mentioned background report was a "consumer report" as defined by 15 U.S.C. 1681a(d).

34. Pursuant to 15 U.S.C. §§ 1681n and o, Defendant is liable to Plaintiff for:

(a)  willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report, information and file, in violation of § 1681e(b);

(b)  willfully and negligently failing to provide notice to Plaintiff that public record information was being reported for employment purposes in violation of 15 U.S.C. 1681;

(c)  willfully and negligently failing to employ strict procedures to ensure that public record information is complete and up to date, in violation of 15 U.S.C. 1681; and

(d)  willfully and negligently failing to provide Plaintiff with the contents of her file upon receipt of her request.

35. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual, and punitive damages, plus attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY DEMAND

36. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant, based on the following requested relief:

(a)  Actual damages;

(b)  Statutory damages;

(c)  Punitive damages; and

(d)  Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681

n and o.

Dated:  June 13, 2016

Respectfully submitted,

***/s/ Micah S. Adkins***
Micah S. Adkins (ASB-8639-I48A)
**The Adkins Firm, P.C.**
The Kress Building
301 19th Street North, Suite 581
Birmingham, AL  35203
Telephone:   (205) 458-1204
Facsimile:    (205) 208-9632
Email:
MicahAdkins@ItsYourCreditReport.com